UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

- against -

VLADISLAV ZAPOLSKIJ,

Defendant.

------------------------------X

ORDER OF
JUDICIAL REMOVAL

S12 16 Cr. 692 (JMF)

Upon the application of the United States of America, by Emily Johnson, Assistant United States Attorney, Southern District of New York; upon the Factual Allegations in Support of Judicial Removal; upon the consent of Vladislav Zapolskij and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native of Lithuania and a citizen of Lithuania.

3. The defendant was paroled into the United States at John F. Kennedy International Airport on or about May 31, 2019 for criminal prosecution.

4. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, under one count of conspiracy to commit bank and wire fraud, in violation of 18 U.S.C. Section 1349.

5. The maximum sentence for this violation is thirty years' imprisonment.

6. The defendant is, and at sentencing will be, subject to removal from the United States

pursuant to section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act of 1952 ("INA"), as amended, 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien who, at the time of application for admission, was not in possession of a valid immigrant visa reentry permit, border crossing identification card, or other valid entry document required by the INA; and section 212(a)(2)(A)(i)(I) of the INA, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime.

7. The defendant has waived his right to notice and a hearing under section 238(c) of the INA, 8 U.S.C. § 1228(c).

8. The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

WHEREFORE, IT IS HEREBY ORDERED, pursuant to section 238(c) of the INA, 8 U.S.C. § 1228(c), that the defendant shall be removed from the United States promptly upon his release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing, and that the defendant be ordered removed to Lithuania.

Dated:   New York, New York
         February 6, 2020

                                              _____
                                              THE HONORABLE HON. JESSE M. FURMAN
                                              UNITED STATES DISTRICT COURT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

- against -

VLADISLAV ZAPOLSKIJ,

Defendant.

------------------------------X

NOTICE OF INTENT TO
REQUEST JUDICIAL
<u>REMOVAL</u>

S12 16 Cr. 692 (JMF)

NOTICE IS HEREBY GIVEN TO Vladislav Zapolskij, and to his attorney of record, Louis Fasulo, Esq. that upon conviction of the defendant for a violation of Title 18, United States Code, Section 1349, the United States of America shall request that the Court issue a Judicial Order of Removal against the defendant pursuant to section 238(c) of the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1228(c).

Dated: New York, New York
January 16, 2020

GEOFFREY S. BERMAN
United States Attorney
Southern District of New York

By: _____
Emily Johnson
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

| | |
|---|---|
| UNITED STATES OF AMERICA | FACTUAL ALLEGATIONS IN SUPPORT OF JUDICIAL REMOVAL |
| - against - | |
| VLADISLAV ZAPOLSKIJ, | S12 16 Cr. 692 (JMF) |
| Defendant. | |

------------------------------X

NOTICE IS HEREBY GIVEN TO Vladislav Zapolskij, and to his attorney of record, Louis Fasulo, Esq., that the United States of America alleges the following facts in support of the Notice of Intent to Request Judicial Removal:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native of Lithuania and a citizen of Lithuania.

3. The defendant was paroled into the United States at John F. Kennedy International Airport on or about May 31, 2019 for criminal prosecution.

4. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, under one count of conspiracy to commit bank and wire fraud, in violation of 18 U.S.C. Section 1349.

5. The maximum sentence for this violation is thirty years' imprisonment.

6. The defendant is, and at sentencing will be, subject to removal from the United States pursuant to section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act of 1952 ("INA"), as amended, 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien who, at the time of application for admission,

was not in possession of a valid immigrant visa reentry permit, border crossing identification card, or other valid entry document required by the INA; and section 212(a)(2)(A)(i)(I) of the INA, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime.

WHEREFORE, pursuant to section 238(c) of the INA, 8 U.S.C. § 1228(c), the United States of America requests that the Court order the defendant removed from the United States to Lithuania.

Dated: New York, New York
January 16, 2020

GEOFFREY S. BERMAN
United States Attorney
Southern District of New York

By: _____
Emily Johnson
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

- against -

VLADISLAV ZAPOLSKIJ,

              Defendant.

------------------------------X

DEFENDANT'S PLEA
STATEMENT IN SUPPORT OF
<u>JUDICIAL REMOVAL</u>

S12 16 Cr. 692 (JMF)

      VLADISLAV ZAPOLSKIJ, defendant in the above-captioned criminal proceeding, hereby states as follows:

      1.      My true and correct name is Vladislav Zapolskij;

      2.      I received a Notice of Intent to Request Judicial Removal ("Notice"), dated January 16, 2020. I am the person identified in that document. I hereby waive my right, pursuant to section 238(c)(2)(A) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1228(c)(2)(A), to have the Notice served upon me prior to the commencement of the trial or entry of a guilty plea in this case.

      3.      I received the Factual Allegations in Support of Judicial Removal ("Allegations"), dated January 16, 2020. I hereby waive my right, pursuant to section 238(c)(2)(B) of the INA, 8 U.S.C. § 1228(c)(2)(B), to have the allegations served 30 days prior to sentencing.

      4.      My rights in a judicial removal proceeding have been fully explained to me by my attorney, Louis Fasulo, Esq. After consultation with counsel and understanding the legal consequences of doing so, I knowingly and voluntarily waive the right to the notice and hearing

provided for in section 238(c)(2) of the INA, 8 U.S.C. § 1228(c)(2), and further waive any and all rights to appeal, reopen, reconsider, or otherwise challenge this order. I understand the rights I would possess in a contested administrative proceeding and I waive these rights, including my right to examine the evidence against me, present evidence on my own behalf, and cross-examine witnesses presented by the United States. I understand these rights and waive further explanation by the Court.

5. I hereby admit that all of the factual allegations set forth in the Allegations are true and correct as written.

6. I hereby concede that I am removable from the United States pursuant to section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act of 1952 ("INA"), as amended, 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien who, at the time of application for admission, was not in possession of a valid immigrant visa reentry permit, border crossing identification card, or other valid entry document required by the INA; and section 212(a)(2)(A)(i)(I) of the INA, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime.

7. I hereby waive any and all rights I may have to any and all forms of relief or protection from removal, deportation, or exclusion under the INA, as amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under section 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to Article 3 of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17, cancellation of removal; adjustment of status; registry; *de novo* review of a denial or revocation of temporary protected status (current or future); waivers under Sections 212(h)

and 212(i) of the INA, 8 U.S.C. §§ 1182(h), 1182(i); visa petitions; consular processing; voluntary departure or any other possible relief or protection from removal available under the Constitution, laws or treaty obligations of the United States.

8. I agree to the entry of a stipulated judicial order of removal pursuant to section 238(c)(5) of the INA, 8 U.S.C. § 1228(c)(5). I acknowledge that I have not been persecuted in, and have no present fear of persecution in Lithuania, the country of my nativity and citizenship. I further acknowledge that I have not been tortured in, and have no present fear of torture in Lithuania, the country of my nativity and citizenship.

9. I consent to the introduction of this statement as an exhibit in the record of these judicial removal proceedings. I further agree to make the judicial order of removal a public document, waiving my privacy rights, including any privacy rights that might exist under 8 C.F.R. § 208.6.

10. I agree to assist U.S. Immigration and Customs Enforcement ("ICE") in the execution of my removal. Specifically, I agree to assist ICE in the procurement of any travel, identity, or any other documents necessary for my removal; to meet with and to cooperate with representatives of any country to which I may by statute be removed if ICE so requests; and to execute any forms, applications, or waivers needed to execute or expedite my removal. I further understand that my failure or refusal to assist ICE in the execution of my removal may subject me to criminal penalties under section 243 of the INA, 8 U.S.C. § 1253.

11. I concede that the entry of this judicial order of removal renders me permanently inadmissible to the United States. I agree that I will not enter, attempt to enter, or transit thorough the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

12. I will accept a written order issued by this Court for my removal from the United States, and I waive any and all rights to challenge any provision of this agreement in any U.S. or foreign court or tribunal.

_06 02 2020_ _[signature]_
Date                        Defendant's Signature

_2/6/2020_ _[signature]_
Date                        Attorney for the Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

VLADISLAV ZAPOLSKIJ,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

CONCURRENCE OF UNITED
STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT

S12 16 Cr. 692 (JMF)

Based upon consideration of the applicable law and the defendant's statement, I hereby concur, on behalf of United States Immigration and Customs Enforcement, in the United States Attorney's request that a judicial order of removal be granted against the defendant.

Dated:     New York, New York
              1/16, 2020

                                              Yvette A. Tay-Taylor
                                    Thomas Decker
                                     Field Office Director
                                     United States Immigration and
                                     Customs Enforcement